UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

----------------------------------------------------x

MARCIA SORIN, individually and on behalf of all others similarly situated,

             Plaintiff,

      vs.

THE FOLGER COFFEE COMPANY, a subsidiary of the J. M. SMUCKER COMPANY,

             Defendant.

----------------------------------------------------x

Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

      MARCIA SORIN ("Plaintiff" or "Sorin"), on behalf of herself and all others similarly situated (the "Class Members"), brings this consumer class action against Defendant The Folger Coffee Company ("Defendant" or "Folgers"), for unlawful, unfair, and deceptive business practices in violation of Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA").

## NATURE OF THE ACTION

      1.     Folgers coffee is a household name with sales comprising a significant portion of the $7.8 billion in net sales reported by corporate parent, The J.M. Smucker Company, during its last fiscal year. It is estimated that Folgers has nationwide sales of approximately $1 billion. The coffee giant engages in false and deceptive package labeling on its brewed coffee containers with respect to the promised number of coffee servings contained in the package. Folgers makes representations about the number of servings its containers provide in order to spur sales, and disadvantage competitors who do not make similar claims. The result of this is that Florida

1

consumers overpay, as they do not receive the amount of coffee servings Folgers represents to be present in in the container, to the detriment of the consumer.

2.      In a practice that offends reasonable consumer expectations, Defendant affirmatively represents on the coffee can label the expected number of cups of coffee that the can will produce when the coffee is brewed according to instructions, but this information is false because the can contents cannot produce anywhere near the number of cups represented.  Thus, the labeling on many Folgers coffee product canisters (the "Folgers Coffee Products") prominently states that they will produce up to a certain amount of six fluid ounce cups when, in fact, the canister contents are grossly insufficient to produce that volume of coffee (the "Folgers Label Claims").

3.      In Plaintiff's case, a coffee canister purchased, Folgers Classic Roast, prominently states on the front label that it "MAKES UP TO 380 6 FL OZ CUPS."  Instructions on the back panel of the canister direct consumers to use the following measurements: "Cold Water: 1 Serving (6 fl. oz)" with "Folgers Coffee: 1 Tablespoon" which yields "1 Serving (6 fl. oz.)". This means that each Classic Roast canister should contain 380 tablespoons of coffee.

4.      However, if the back-panel instructions are followed, the canister only produces approximately 265-275 six fluid-ounce-servings, over 100 cups short of what Folgers represents on its front panel.

5.      Several of Defendant's containers, which consist of various types, strengths and sizes, make similar untrue claims and promises.  In each of the Folgers Coffee Products that is the subject of this action, the front panel prominently and conspicuously states the number of cups the canister will produce, as shown in the Classic French Roast canister illustrated below:



6. The back panel contains the information with respect to a "serving" as illustrated:



7. Other Folgers Coffee Products make similar untrue claims: Folgers French Roast Med-Dark; Folgers 100% Colombian Medium; Folgers Black Silk Dark; Folgers Brazilian Blend Medium; Folgers Gourmet Supreme Med-Dark; Folgers House Blend Medium; Folgers Special Roast Medium; Folgers ½ Caff Medium; Folgers Coffeehouse Blend Med-Dark; and Folgers Breakfast Blend Mild all claim on the packaging to produce 210 six ounce coffee servings but each

4

actually produces approximately 150-160 servings, or approximately 30% less than what Folgers represents can be made.

8. Folgers Classic Roast Medium; Folgers Class Decaf Medium; and Folgers Simply Smooth Mild claim on each canister that it will produce 240 six ounce coffee servings but in practice, each canister actually produces approximately 170-180 cup servings.

9. The stated coffee cup yield information on the Folgers Coffee Products is false and misleading. These misrepresentations are deceptive and untrue. Since the representations are false, Plaintiff and the Class Members overpaid for the Folgers Coffee Products, as they did not receive the represented amounts of servings. For example, the canister Plaintiff purchased is advertised by Folgers on Amazon on May 28, 2020 at $24.43 for 380 servings, which is roughly 6 1/2 cents per serving. But those who buy this product, which yields only about 270 servings, are paying roughly 9 cents per serving. Thus, Plaintiff and the Class Members suffered monetary damages.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) in that: (1) this is a class action involving more than 100 Class Members; (2) Plaintiff is a citizen of Florida; Defendant is a citizen of the State of Ohio; and (3) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

11. The Court has personal jurisdiction over Defendant because it conducts substantial business in Florida. Defendant has and continues to actively market, promote, and sell the Folgers Coffee Products in Florida through numerous retailers and online channels, and Defendant has sufficient minimum contacts with this State and/or has sufficiently availed itself of the market in

this State through its marketing, promotion and sales within this State, including sales in the Winn-Dixie and Publix grocery chains, to render the exercise of jurisdiction by this Court permissible.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while Plaintiff resided in this judicial district.

## PARTIES

13. Plaintiff MARCIA SORIN resides in Palm Beach County, Florida. During the past four years, Plaintiff purchased Folgers products containing the misrepresentations that are the subject of this suit online and in local markets.

14. The Folgers Label Claims made on the product Plaintiff purchased would deceive an objectively reasonable consumer.

15. Since Defendant is continuing with the Folgers Label Claims, Plaintiff and the Class Members are entitled to an injunction to prevent the continuation of these wrongs.

16. Defendant is a corporation organized and existing under the laws of the State of Ohio, with its headquarters and principal place of business at One Strawberry Lane, Orrville, OH 44667. Folgers is arguably the most well-known coffee maker in the United States. The coffee giant excels in offering a wide range of products to customers, including varying flavors, roasts and strength of coffee. Since the early 1990s, it has been the largest-selling ground coffee in the United States. In the 1980s, Folgers' slogan "The best part of waking up is Folgers in your cup!" and the well-associated jingle became recognizable in households across the country, along with the Folgers name. Folgers generates an estimated $1 billion or more in sales each year, a

significant portion of which is derived from sales of the Folgers Coffee Products in Florida. In 2008, Folgers was acquired by J.M. Smucker from Procter & Gamble for a reported $3 billion.

## **FACTUAL ALLEGATIONS**

17. Under the controlling law, Plaintiff is not required to plead her FDUTPA claim with particularity, or pled the elements of fraud, as held in *Guerrero v. Target Corp*., 889 F. Supp. 2d 1348, 1354-55 (S.D. Fla. 2012):

> Generally "[t]he requirements of Rule 9(b) do not apply to claims under the FDUTPA." <u>Galstaldi v. Sunvest Cmtys. USA, LLC,</u> 637 F. Supp. 2d 1045, 1056 (S.D. Fla. 2009). Because FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts like fraud, "the plaintiff need not prove the elements of fraud to sustain an action under the statute." <u>Id.</u> (quotations omitted). Accordingly, the heightened pleading requirements of Rule 9(b) cannot serve as a basis to dismiss FDUTPA claims. *Id.; see also State, Office of Atty. Gen., Dep't of Legal Affairs v. Wyndham Int'l, Inc.,* 869 So. 2d 592, 598 (Fla. Dist. Ct. App. 2004) ("A deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue."). Accordingly, the Court finds that Rule 9(b) is inapplicable to Plaintiff's FDUTPA claims

18. The Folgers Label Claims are objectively deceptive and, as alleged herein, violate FDUTPA.

19. Throughout the Class Period defined below, Defendant has engaged in, and continues to engage in, the Folgers Label Claims. As a result, Defendant has sold thousands, if not millions, of Folgers Coffee Products to unsuspecting consumers across Florida through its retailers and online sales channels.

20.     Defendant's Folgers Label Claims are false as discussed above, based on the fact that the Folgers Coffee Products are represented as having characteristics that they, in fact, do not have.

21.     Defendant's Folgers Label Claims are material since this practice was likely to deceive Plaintiff and the Class Members acting reasonably in the same circumstances.

22.     Plaintiff and the Class Members were injured in that they: (1) paid more for a Coffee Product that was not as represented; (2) were deprived of the benefit of the bargain because the Folgers Coffee Products they purchased were materially different than what Defendant had stated on the label; and (3) were deprived of the benefit of the bargain because the Folgers Coffee Products they purchased had less value than what Defendant represented.

## **CLASS ALLEGATIONS**

23.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

24.     Plaintiff brings this action on behalf of herself and all other similarly situated Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of FDUTPA:

> All consumers within the State of Florida who purchased any of the Folgers Coffee Products which contained the Folgers Label Claims within the statute of limitations period, including any tolling period (the "Class Period"). Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

25.     Numerosity: The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Class contains hundreds or even thousands of individuals who have been damaged by Defendant's conduct as alleged herein.

The precise number of Class Members is unknown to Plaintiff, but may be determined with reasonable accuracy through class discovery.

26. Existence and Predominance of Common Questions of Law and Fact: This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendant made false and/or misleading statements to the Class and the public concerning the cup yield in the Folgers Coffee Products;

   b. Whether Defendant omitted material information to the public concerning the actual cup yield of the Folgers Coffee Products;

   c. Whether Defendant's packaging for the Folgers Coffee Products is misleading and deceptive within the meaning of the FDUTPA;

   d. Whether the container label on the Folgers Coffee Products is misleading and deceptive;

   e. Whether Defendant's conduct violates FDUTPA; and

   f. Whether Plaintiff and the Class Members have been damaged and if so the proper calculation of damages.

27. Typicality: Plaintiff's claims are typical of the claims of the Class Members because, *inter alia,* all Class Member have been impacted in the same way by Defendant's false and misleading label claims about the serving yield of its Folgers Coffee Products. Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class Members.

28. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained counsel experienced in complex consumer class action litigation,

and Plaintiff intends to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interest to those of the Class.

29. Superiority: The nature of this action and the nature of the laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to him and the Class for the wrongs alleged. The damages or other financial detriment suffered by individual Class Members is miniscule compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class Members would not likely recover, or would not likely have the chance to recover, damages and/or restitution from Defendant, which would continue to retain the proceeds of its wrongful conduct.

## CLAIM FOR RELIEF

(Violation of Florida Deceptive and Unfair Trade Practices Act
(FDUTPA--Equitable Relief and Damages Against Defendant Folgers)

30. Plaintiff realleges and incorporates by reference the allegations previously asserted above.

31. Defendant has engaged in deceptive acts and unfair practices that have caused actual damages to Plaintiff and the Class.

32. Section 501.204(1), Fla. Stat., makes unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

33. Selling, distributing, and introducing the Folgers Coffee Products in interstate commerce are "consumer transaction[s]" within the meaning and scope of FDUTPA.

34. Plaintiff is a "consumer" as defined by § 501.203, Fla. Stat.

35. The Folgers Coffee Products are goods within the meaning and scope of FDUTPA and Defendant is engaged in trade or commerce within the meaning and scope of FDUTPA in connection with the sale and distribution of the Folgers Coffee Products.

36. An objectively reasonable consumer would have been deceived by the Folgers Label Claims, as they are inaccurate and misleading. Defendant's practices are unfair and deceptive.

37. Plaintiff has sustained actual damages as a result of Defendant's deceptive acts and unfair practices, which violate FDUTPA.

38. FDUTPA permits anyone who is "aggrieved by a violation" of the statute to proceed with a suit for declaratory or injunctive relief. FDUTPA is designed to protect not only the rights of litigants, but also the rights of the consuming public at large. As stated in *Gastaldi v. Sunvest Cmtys. USA, Ltd. Liab. Co.,* 637 F. Supp. 2d 1045, 1057-58 (S.D. Fla. 2009):

> The FDUTPA "is designed to protect not only the rights of litigants, but also the rights of the consuming public at large."…*see also Hialeah Automotive, LLC v. Basulto*, No. 3D07-855, 22 So. 3d 586, 2009 Fla. App. LEXIS 566, 2009 WL 187584 (Fla. 3d DCA 2009) (finding declaratory relief an available remedy under Fla. Stat. § 501.211(1)); *Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 2009 WL 18674, at *5 (Fla. 4th DCA 2009) ("[S]ection 501.211 provides that a person aggrieved by a violation of FDUTPA may obtain a declaratory judgment that an act or practice violates FDUTPA.").
>
> The statute is clear on its face. Any person aggrieved by a violation of the FDUTPA may seek declaratory and/or injunctive relief under the statute. There is no requirement that a plaintiff show an ongoing practice or irreparable harm, and declaratory relief is available regardless of whether an adequate remedy at law also exists.

39. Pursuant to §§501.211(2) and 501.2105, Fla. Stat., Plaintiff demands her damages, attorneys' fees and costs, and also seeks injunctive relief for the benefit of the public.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, demands judgment against Defendant and requests the entry of:

a. An order certifying the Class as requested herein, appointing Plaintiff as Class Representative, and appointing her counsel as Class Counsel;

b. An order declaring that the conduct complained of herein violates FDUTPA, and awarding damages;

c. An order enjoining Defendant's unlawful and unfair practices;

d. An order requiring Defendant to adopt proper label statements;

e. An award of attorneys' fees and the reimbursement of litigation costs pursuant to, FDUTPA, and

f. Such other and further relief as this Court may deem just, equitable, or proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims presented herein so triable.

Dated: June 4, 2020

      **KOMLOSSY LAW P.A.**
      */s/ Emily C Komlossy*
      Emily Komlossy (FBN 7714)
      eck@komlossylaw.com
      4700 Sheridan St., Suite J
      Hollywood, FL 33021
      Phone: (954) 842-2021
      Fax: (954) 416-6223

*Attorneys for Plaintiff and the Class*

**OF COUNSEL:**

Laurence D. Paskowitz
**THE PASKOWITZ LAW FIRM P.C.**
208 East 51st Street, Suite 380
New York, NY 10022
212-685-0969
lpaskowitz@pasklaw.com

Roy L. Jacobs
**ROY JACOBS & ASSOCIATES**
420 Lexington Avenue, Suite 2440
New York, NY 10170
212-867-1156
rjacobs@jacobsclasslaw.com

Beth A. Keller
**LAW OFFICES OF BETH A. KELLER, P.C.**
118 North Bedford Road
Suite 100
Mount Kisco, NY 10549
914-752-3040
bkeller@keller-lawfirm.com