**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:20-cv-80897-WPD

MARCIA SORIN, Individually and on Behalf
of All Others Similarly Situated,

                    Plaintiff,

    v.

THE FOLGER COFFEE COMPANY,
A Subsidiary of THE J. M. SMUCKER COMPANY,

                    Defendant.

Case No. 9:20-cv-80897-WPD

Judge William P. Dimitrouleas

_____/

**THE FOLGER COFFEE COMPANY'S MOTION TO DISMISS CLASS ACTION**
**COMPLAINT AND MEMORANDUM IN SUPPORT WITH REQUEST FOR**
**<u>TELEPHONIC HEARING</u>**

Ronald Y. Rothstein (*pro hac vice*)
Sean H. Suber (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
rrothste@winston.com
ssuber@winston.com

Cristina Calvar (Florida Bar No. 114201)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-5331
Facsimile: (212) 294-4700
ccalvar@winston.com

Megan L. Whipp (*pro hac vice*)
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
mwhipp@winston.com

*Counsel for Defendant The Folger Coffee Company*

July 29, 2020

# TABLE OF CONTENTS

INTRODUCTION AND BACKGROUND ................................................................................1

LEGAL STANDARDS ...........................................................................................................7

ARGUMENT ..........................................................................................................................7

    I.      Plaintiff Lacks Article III Standing.........................................................................8

            A.      Plaintiff cannot rely on *someone else's* testing or use of *different canisters* of Folgers Coffee to allege a particularized injury for herself...........................................................................................................8

            B.      Plaintiff cannot pursue claims for Folgers Coffee Products that Plaintiff does not allege she specifically bought and are not the subject of this Complaint. ..........................................................................9

            C.      Plaintiff cannot pursue claims for which she has not alleged a cognizable injury—her disappointment and made-up price premium are not enough..........................................................................................10

            D.      Plaintiff cannot pursue injunctive relief on behalf of herself or the putative class because she fails to allege a likelihood of future injury......12

    II.     The Complaint Fails on the Merits .........................................................................12

            A.      The Complaint is inadequately pleaded and does not provide Folgers (or the Court) fair notice of the spurious grounds upon which its claims rest. .........................................................................................13

            B.      The Complaint is implausible because it is based on a false premise and asks the Court to engage in speculation and ignore obvious alternative explanations. .........................................................................14

            C.      Based on the Complaint's flaws, Plaintiff's FDUTPA claim fails on its face..........................................................................................................17

    III.    Dismissal Should Be with Prejudice......................................................................20

CONCLUSION......................................................................................................................20

REQUEST FOR TELEPHONIC HEARING ..........................................................................20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... *passim*

*Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*,
  953 F.3d 707 (11th Cir. 2020) ................................................................... 5, 16

*Barron v. Snyder's-Lance, Inc.*,
  2015 WL 11182066 (S.D. Fla. Mar. 20, 2015) .......................................... 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................... *passim*

*Carruth v. Bentley*,
  942 F.3d 1047 (11th Cir. 2019) ................................................................. 17

*Casey v. Fla. Coastal Sch. of Law, Inc.*,
  2015 WL 10096084 (M.D. Fla. Aug. 11, 2015) ........................................ 17

*City First Mortg. Corp. v. Barton*,
  988 So. 2d 82 (Fla. Dist. Ct. App. 2008) .................................................. 20

*In re Cole v. Patton*,
  2019 WL 3413525 (M.D. Fla. July 29, 2019) ........................................... 5

*Colston v. Schiller*,
  2020 WL 687599 (N.D. Fla. Jan. 8, 2020) ............................................... 20

*Comercial LTDA v. BPI Sports, LLC*,
  2016 WL 11504100 (S.D. Fla. Aug. 11, 2016) ......................................... 14

*Conley v. Gibson*,
  355 U.S. 41 (1957), *abrogated by Bell Atl.Corp. v. Twombly*, 550 U.S. 544
  (2007) .......................................................................................................... 2, 13

*Cordes v. Boulder Brands USA, Inc.*,
  2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ........................................... 12

*CWELT-2008 Series 1045 LLC v. PHH Corp.*,
  2020 WL 2744191 (S.D. Fla. May 27, 2020) ........................................... 14

*Dapeer v. Neutrogena Corp.*,
  95 F. Supp. 3d 1366 (S.D. Fla. 2015) ....................................................... 7, 12

*Davis v. Powertel, Inc.*,
  776 So. 2d 971 (Fla. Dist. Ct. App. 2000) ...........................................................................18

*Day v. Taylor*,
  400 F.3d 1272 (11th Cir. 2005) ............................................................................................3

*Eike v. Allergan, Inc.*,
  850 F.3d 315 (7th Cir. 2017) ...............................................................................................10

*Fahey v. Deoleo USA, Inc.*,
  2018 WL 5840664 (D.D.C. Nov. 8, 2018) .............................................................................9

*Finkelman v. NFL*,
  810 F.3d 187 (3d Cir. 2016)................................................................................................10

*Gaminde v. Lang Pharma Nutrition, Inc.*,
  2019 WL 1338724 (N.D.N.Y. Mar. 25, 2019) ......................................................................9

*Goldin v. Boce Grp., L.C.*,
  773 F. Supp. 2d 1376 (S.D. Fla. 2011) .................................................................................7

*Griffin Indus., Inc. v. Irvin*,
  496 F.3d 1189 (11th Cir. 2007) ..........................................................................................15

*Hillen v. Blistex, Inc.*,
  2017 WL 2868997 (N.D. Ill. July 5, 2017)..........................................................................10

*Holliday v. Albion Labs., Inc.*,
  2015 WL 10857479 (S.D. Fla. June 9, 2015) .....................................................................6, 9

*Infinity Global, LLC v. Resort at Singer Island, Inc.*,
  2008 WL 1711535 (S.D. Fla. Apr. 10, 2008) ......................................................................19

*Irizarry v. Orlando Utils. Comm'n*,
  393 F. Supp. 3d 1110 (M.D. Fla. 2019)................................................................................7

*Koronthaly v. L'Oreal USA, Inc.*,
  374 F. App'x 257 (3d Cir. 2010) .......................................................................................6, 10

*Kuenzig v. Kraft Foods, Inc.*,
  2011 WL 4031141 (M.D. Fla. Sept. 12, 2011)...........................................................4, 16, 18

*Lewis v. Governor of Alabama*,
  944 F.3d 1287 (11th Cir. 2019) ............................................................................................8

*Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*,
  2018 WL 4932871 (S.D. Fla. Apr. 23, 2018) ......................................................................12

*Marketran, LLC v. Brooklyn Water Enters., Inc.*,
   2017 WL 1292983 (S.D. Fla. Jan. 31, 2017) ...............................................................6, 11, 20

*Marty v. Anheuser-Busch Cos., LLC*,
   43 F. Supp. 3d 1333 (S.D. Fla. 2014) .......................................................................................12

*Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Mach. Sys. U.S.A., Inc.*,
   2005 WL 975773 (S.D. Fla. 2005) ...........................................................................................19

*Meyer v. Colavita USA Inc.*,
   2011 WL 13216980 (S.D. Fla. Sept. 13, 2011) ...............................................................6, 9, 11

*In re Monat Hair Care Prods. Mktg., Sales Practices, & Prods. Liab. Litig.*,
   2019 WL 5423457 (S.D. Fla. Oct. 23, 2019)............................................................................12

*In re Motions to Certify Classes Against Court Reporting Firms for Charges
   Relating to Word Indices*,
   715 F. Supp. 2d 1265 (S.D. Fla. 2010), *aff'd*, 2011 WL 3822001 (11th Cir.
   Aug. 31, 2011) ..........................................................................................................................17

*Ohio State Troopers Ass'n, Inc. v. Point Blank Enters., Inc.*,
   347 F. Supp. 3d 1207 (S.D. Fla. 2018) ......................................................................................9

*Parks v. Ainsworth Pet Nutrition, LLC*,
   377 F. Supp. 3d 241 (S.D.N.Y. 2019).......................................................................................12

*PNR, Inc. v. Beacon Prop. Mgmt., Inc.*,
   842 So. 2d 773 (Fla. 2003)........................................................................................................18

*Prado-Steiman ex rel. Prado v. Bush*,
   221 F.3d 1266 (11th Cir. 2000) ................................................................................................10

*QSGI, Inc. v. IBM Glob. Fin.*,
   2012 WL 1150402 (S.D. Fla. Mar. 14, 2012)...............................................................6, 11, 20

*Reilly v. Chipotle Mexican Grill, Inc.*,
   711 F. App'x 525 (11th Cir. 2017) ...........................................................................................11

*Remedios* v. *Nat'l Fire & Marine Ins. Co.*,
   2019 WL 7956170 (S.D. Fla. Aug. 29, 2019)............................................................................7

*Rodriguez v. Recovery Performance & Marine, LLC*,
   38 So. 3d 178 (Fla. Dist. Ct. App. 2010) .................................................................................20

*Sanchez-Knutson v. Ford Motor Co.*,
   52 F. Supp. 3d 1223 (S.D. Fla. 2014) .......................................................................................14

*Savalli v. Gerber Prods. Co.*,
   2016 WL 5390223 (S.D. Fla. Sept. 20, 2016) ...................................................................5, 18

*Shahar v. Bowers*,
   120 F.3d 211 (11th Cir. 1997) ...........................................................................................5

*Smith v. 2001 S. Dixie Highway, Inc.*,
   872 So. 2d 992 (Fla. Dist. Ct. App. 2004) ............................................................................20

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016)....................................................................................................8, 10

*Toback v. GNC Holdings, Inc.*,
   2013 WL 5206103 (S.D. Fla. Sept. 13, 2013) ......................................................................10

*Stalley ex rel. U.S.* v. *Orlando Reg7 Healthcare Sys., Inc.*,
   524 F.3d 1229 (11th Cir. 2008) .........................................................................................7

*Wallace v. ConAgra Foods, Inc.*,
   747 F.3d 1025 (8th Cir. 2014) ...........................................................................................9

*World Fuel Servs., Inc.* v. *Thrifty Propane, Inc.*,
   2016 WL 11547771 (S.D. Fla. July 15, 2016)......................................................................17

*Zlotnick v. Premier Sales Grp., Inc.*,
   480 F.3d 1281 (11th Cir. 2007) .........................................................................................18

## Statutes

Fla. Stat. § 501.211 ........................................................................................................20

Florida Deceptive and Unfair Practices Act, Fla. Stat. § 501.201 *et seq.*.............................. *passim*

## Other Authorities

Fed. R. Civ. P. 8 ...........................................................................................................5, 14

Fed. R. Civ. P. 9(b) ........................................................................................................5, 14

Fed. R. Civ. P. 10(c) .......................................................................................................16

Fed. R. Civ. P. 12(b)(1).....................................................................................................7

Fed. R. Civ. P. 12(b)(6).....................................................................................................1, 7

U.S. Const. art. III, § 1 ..................................................................................................8, 9, 10

## INTRODUCTION AND BACKGROUND

Defendant The Folger Coffee Company ("Folgers") moves this Court for an Order dismissing Plaintiff Marcia Sorin's ("Plaintiff") class action complaint (the "Complaint") in its entirety and with prejudice under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff, a resident of Palm Beach County, filed this Complaint on June 4, 2020 "on behalf of herself and all other . . . consumers within the State of Florida who purchased any . . . Folgers Coffee Products which contained the Folgers Label Claims. . . ." ECF No. 1, Compl., ¶ 24. She says the "Folgers Coffee Products" that contain the "Folgers Label Claims" are the "many Folger coffee product canisters" that "prominently state[] that they will produce up to a certain amount of six fluid ounce cups when, in fact, the canister contents are grossly insufficient to produce that volume of coffee." *Id.*, ¶ 2. To Plaintiff, "Defendant affirmatively represents on the coffee can label the expected number of cups of coffee that the can will produce when the coffee is brewed according to instructions," but she alleges "this information is false because" she thinks "the can contents cannot produce anywhere near the number of cups represented." *Id.*

As an example of the "Folgers Coffee Products," Plaintiff provides pictures of *a* "Classic French Roast canister ***illustrated***" in the Complaint—but ***not the canister purchased by her***. *See Id.* ¶¶ 5–6 (emphasis added); *see also* **Ex. A**, Pictures from Compl. Even though Plaintiff broadly states that she "purchased Folgers products containing the misrepresentations that are the subject of this suit online and in local markets," Compl., ¶ 13, the basis of *this lawsuit* is just one "canister Plaintiff purchased"—"a coffee canister purchased, Folgers Classic Roast," that Plaintiff says "prominently states on the front label that it 'MAKES UP TO 380 6 FL OZ CUPS.'" *Id.*, ¶¶ 3, 9; *see also id.*, ¶ 14 (describing the one "product Plaintiff purchased"). Indeed, even though she is

1

only basing her claims on one canister of coffee, Plaintiff is suing based on some analysis that says 12 *different* types of Folgers' canisters "only produce[] approximately" a range of cups that are "short of what Folgers represents on its front panel." *Id.*, ¶¶ 4, 7, 8. And based on this, Plaintiff brings a claim under the Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), seeking damages, injunctive relief, and attorneys' fees and costs. *See id.*, § Prayer for Relief.

Plaintiff's Complaint must be dismissed because she has not put together a complaint "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," as required. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (same standard).

Plaintiff alleges she is suing Folgers under FDUTPA because "Folgers makes representations about the number of servings its containers provide" and she believes consumers "do not receive the amount of coffee servings Folgers represents to be present in in [sic] the container." Compl., ¶ 1. But Plaintiff does not give Folgers fair notice of the grounds upon which this claim rests, as required. *See Twombly*, 550 U.S. at 545. Instead, to support her conclusory allegation that Folgers' coffee product cannot make up to 380 six-fluid-ounce cups of coffee, Plaintiff just alleges the conclusion she seeks to prove: that "*if* the back-pane instructions are followed, the canister only produces approximately 265-275 six fluid-ounce servings." Compl., ¶ 4 (emphasis added). That is not enough under the law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Twombly*, 550 U.S. at 555)).

Plaintiff's standalone statement and theory that Folgers' canisters supposedly produce "over 100 cups short of what Folgers represents," Compl., ¶ 4, is not enough because she is just

pleading a conclusion that Folgers hurt her without supplying any factual enhancement to her Complaint, as required. *See Iqbal*, 556 U.S. at 678 (citation omitted).

That said, Plaintiff's theory of the case is demonstrably wrong. Plaintiff's theory is that "if the back-pane instructions are followed, the canister only produces approximately 265-275 six fluid-ounce servings." Compl., ¶ 4 (emphasis added). What Plaintiff refers to as "instructions" are the words printed "on the back of the panel of the canister," which Plaintiff adds to the Complaint but describes out of context by saying "Instructions on the back panel of the canister direct consumers to use the following measurements: 'Cold Water: 1 Serving (6 fl. oz)' with 'Folgers Coffee: 1 Tablespoon' which yields '1 Serving (6 fl. oz.)'" *Id.*, ¶ 3 (hereinafter Plaintiff's "1:1 ratio"). Because of these supposed "instructions," Plaintiff says that "[t]his means that each Classic Roast canister should contain 380 tablespoons of coffee." *Id.*

But this is where Plaintiff's claim starts to unravel. If the Court looks at the canister in the Complaint, as it can and should,[1] it will see that ***nothing on the canister*** states that it contains 380 tablespoons of coffee, as Plaintiff claims—it is certainly not where Plaintiff says it is:



---

[1] This court may consider the labels of the canister "without converting the motion into one for summary judgment" because the labels' "contents are alleged in a complaint and no party questions those contents." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Compl., ¶ 6. The only thing Folgers actually represents on the canister is noticeably absent in the Complaint—and that is that the "canister makes up to 380 suggested strength 6 fl oz servings." *Id.* Nowhere in the Complaint is there any allegation that this Folgers' canister is *incapable* of making up to 380 suggested strength servings, as Folgers represents. For this reason, the Complaint should be dismissed because the only representation that Folgers actually makes is clearly disclosed on the package and not even challenged in the Complaint. *See Kuenzig v. Kraft Foods, Inc.*, 2011 WL 4031141, at *9 (M.D. Fla. Sept. 12, 2011) (finding label was not misleading as a matter of law where the number of calories from fat was clearly disclosed on the nutrition panel).

Plaintiff does allege that the product "yields only about 270 servings" based on supposed "instructions" that "direct consumers to use" Plaintiff's 1:1 ratio. *See id.*, ¶ 3, 9. But if the Court looks at the canister from the Complaint, Plaintiff's 1:1 ratio for making 380 cups of coffee is not actually on the package and is not recommended by Folgers at all. There are no "instructions" directing consumers to—or suggesting that consumers can—make "380 suggested strength 6 fl oz servings" by using Plaintiff's 1:1 ratio of <u>1 serving of 6 fluid ounces</u> and <u>1 tablespoon of coffee</u>. Instead, the canister has **recommendations** "[f]or best brewing results," and Folgers states that "we recommend" using certain fluid ounces of cold water and tablespoons of coffee per serving. *See id.*, ¶ 6. And a recommendation is just that since all coffee drinkers have different preferences for the strength of their coffee. These recommendations state that the suggested strength of servings can be accomplished with <u>10 servings of 6 fluid ounces</u> and <u>½ cup (or **8** tablespoons) of coffee</u>, which makes it clear that **as more water is added, fewer tablespoons of coffee are required.** *See id.*, ¶ 6.[2] Thus, the packaging confirms that ***Plaintiff's 1:1 ratio*** (that she is trying to impose on

---

[2] Folgers notes that ½ measuring cup = 8 tablespoons. *See* UNITED STATES DEP'T OF COM., *National Institute of Standards and Technology*, Metric Cooking Resources (last visited July 22, 2020) (noting 1 cup = 240 milliliters and 15 milliliters = 1 tablespoon, such that ½ cup = 120

Folgers as instructing consumers to make the suggested 380 cups of coffee) ***comes from whole cloth***. Plaintiff is wrong and the Complaint must be dismissed because Plaintiff cannot pursue FDUTPA claims based on her subjective misconception that is belied by a plain reading of Folgers' labels and packaging. *Cf. Savalli v. Gerber Prods. Co.*, 2016 WL 5390223, at *1 (S.D. Fla. Sept. 20, 2016) (noting that under FDUTPA, "reasonable consumers should—well, read the label").

Plaintiff has offered no plausible explanation why or how her supposed injury can be explained by Folgers' recommendations as opposed to "obvious alternative explanations," *see Twombly*, 550 U.S. at 567—like the fact that the recommendations do not say that a 1:1 ratio is needed to make the 380 suggested strength servings. She ignores the requirements of Rule 8 (in addition to Rule 9(b)) and provides no factual enhancement to explain how Folgers' suggestions are wrong. She just expects this Court to speculate that Folgers' instructions caused her some harm. "But [this Court is] not permitted to engage in speculation, even at the pleading stage." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 729 (11th Cir. 2020). Thus, this case should be dismissed on the merits because the Complaint is implausible.

Even aside from being implausible, however, the Complaint also suffers from standing deficiencies. This is because Plaintiff is relying on someone else's testing of different Folgers' Products, *but not her own use of the specific canister of Folgers Coffee she claims she purchased.* As discussed, she says the basis of *this lawsuit* is just one "canister Plaintiff purchased." Compl.,

---

milliliters = 8 tablespoons). Folgers request that the Court take judicial notice of this innocuous scientific fact from the Department of Commerce's website. *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) ("scientific facts" are "the kinds of things about which courts ordinarily take judicial notice"); *cf. In re Cole v. Patton*, 2019 WL 3413525, at *2 (M.D. Fla. July 29, 2019) ("the information . . . accessed from a government agency's website [] falls squarely within the class of materials suitable for judicial notice." (citations omitted)).

¶¶ 3, 9, 14. Yet, even though she is only suing about one canister of coffee, Plaintiff is including 12 *different* types of canisters in her Complaint. *See id.*, ¶¶ 4, 7, 8.

Thus, Plaintiff lacks standing because she has failed to allege a particularized injury and she is attempting to bring claims for products she did not purchase. *See Holliday v. Albion Labs., Inc.*, 2015 WL 10857479, at *5 (S.D. Fla. June 9, 2015). And there is no allegation that *Plaintiff's specific canister* cannot make 380 cups of coffee. Courts have found the failure to make such allegations to be fatal. *See, e.g.*, *Meyer v. Colavita USA Inc.*, 2011 WL 13216980, at *5 (S.D. Fla. Sept. 13, 2011) (dismissing complaint when, like here, the "Plaintiffs support their claims with speculation and unwarranted extrapolation from [a] … [third party]'s findings").

Plaintiff has also failed to allege a concrete injury. Plaintiff is expressing subjective disappointment about her "expected number of cups of coffee that the can will produce when the coffee is brewed according to instructions." Compl., ¶ 2. There is no standing for such subjective disappointment—and FDUTPA would not allow such a recovery in any event. *Cf. Koronthaly v. L'Oreal USA, Inc.*, 374 F. App'x 257, 259 (3d Cir. 2010); *Marketran, LLC v. Brooklyn Water Enters., Inc.*, 2017 WL 1292983, at *3 (S.D. Fla. Jan. 31, 2017) (Dimitrouleas, J.) (no FDUTPA recovery "for subjective feelings of disappointment").

Plaintiff has also not alleged a concrete injury because she does not allege what she paid for her canister. She says her canister was "advertised by Folgers on Amazon at $24.43" the week before she filed this case, but she fails to allege that she actually paid that price. *See* Compl., ¶ 9. Thus, she "has failed to plead any facts from which one could plausibly infer the degree to which, or even whether, the market value of any product has changed as a result of [Folgers'] purported conduct." *QSGI, Inc. v. IBM Glob. Fin.*, 2012 WL 1150402, at *5 (S.D. Fla. Mar. 14, 2012).

Finally, Plaintiff lacks standing to sue on behalf of the class because she has not alleged future harm. She has conceded she will not buy the product in the future given her current allegations and is therefore foreclosed from seeking relief on behalf of a class. *See Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1374 (S.D. Fla. 2015).

For all these reasons, the Complaint should be dismissed in its entirety and with prejudice.

## LEGAL STANDARDS

"Because standing is jurisdictional, [a motion to dismiss] falls under Federal Rule of Civil Procedure 12(b)(1)." *Stalley ex rel. U.S.* v. *Orlando Reg'7 Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008). Plaintiffs "must establish that they have standing to sue." *Remedios* v. *Nat'l Fire & Marine Ins. Co.,* 2019 WL 7956170, at *4 (S.D. Fla. Aug. 29, 2019). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must allege both a cognizable legal theory and sufficient facts to support it." *Goldin v. Boce Grp., L.C.*, 773 F. Supp. 2d 1376, 1378 (S.D. Fla. 2011). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, "[a] complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

## ARGUMENT

Plaintiff's Complaint should be dismissed on the merits because she does not plausibly allege Folgers' packaging is misleading to a reasonable consumer. Even so, Folgers will first address Plaintiff's lack of standing because "[s]tanding is . . . a 'threshold jurisdictional question' that must be resolved before a court can turn to a claim's merits." *Irizarry v. Orlando Utils. Comm'n*, 393 F. Supp. 3d 1110, 1113 (M.D. Fla. 2019) (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)).

## I.      Plaintiff Lacks Article III Standing

"[T]o establish her standing to sue, a plaintiff must satisfy three (by now familiar) criteria." *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019). But Plaintiff cannot even "demonstrate that she has suffered an 'injury in fact'—an invasion of a legally protected interest that is both (a) 'concrete and particularized' and (b) 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

### A.  Plaintiff cannot rely on *someone else's* testing or use of *different canisters* of Folgers Coffee to allege a particularized injury for herself.

Plaintiff has not identified a particularized injury. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citations omitted). Plaintiff does not provide a single allegation about the amount of coffee *her specific canister produces.* Instead, she speaks vaguely about what she thinks theoretically happens "*if* the back-panel instructions are followed" because, as discussed, it is obvious that she has not used or tested the Product to make a specific determination on her own. *See* Compl. ¶ 4 (emphasis added).[3] Yet allegations about someone else's use or testing of *different canisters* yielding different ranges of cups, does not make up for the fact that there is no allegation that *Plaintiff's canister* is, in fact, mislabeled. There is no allegation in the Complaint that *Plaintiff's specific canister* cannot make 380 cups of coffee. And courts in this District and around the country have found that the failure to make allegations about *the plaintiff's specific product* is

---

[3] Folgers reiterates that this testing is obviously based on an external analysis because Plaintiff only purchased one product, but she is providing "approximate" findings from someone who allegedly followed "instructions" for 12 *different* products. But the range of coffee that these different types of canisters "approximately" produce based on nonexistent instructions says nothing about what *Plaintiff's specific canister produces.* Analyzing a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. And common sense says that if Plaintiff actually used or tested the specific canister *she purchased*, then surely she would be able to allege exactly how many cups her canister produced. She has tellingly not done so or made any allegations to draw that inference.

fatal. *See, e.g.*, *Meyer*, 2011 WL 13216980, at \*5 (dismissing complaint when, like here, the "Plaintiffs support their claims with speculation and unwarranted extrapolation from [a] … [third party]'s findings"); *Gaminde v. Lang Pharma Nutrition, Inc.*, 2019 WL 1338724, at \*2–3 (N.D.N.Y. Mar. 25, 2019) (explaining that "standing requires that 'the plaintiff must have suffered an 'injury in fact . . . which is . . . *particularized*'" and finding that the plaintiff's "failure to allege that . . . *his bottle*" of a product was "tested . . . is fatal" (emphasis added) (citations omitted)).[4]

### B.  Plaintiff cannot pursue claims for Folgers Coffee Products that Plaintiff does not allege she specifically bought and are not the subject of this Complaint.

On a related note, Plaintiff has not identified a particularized injury because she could not be injured by canisters of coffee that she does not allege she ever purchased.

It is well-established that "a plaintiff cannot establish Article III standing to bring claims for products he did not purchase." *Holliday*, 2015 WL 10857479, at \*5; *see also Barron v. Snyder's-Lance, Inc.*, 2015 WL 11182066, at \*17 (S.D. Fla. Mar. 20, 2015) ("[A] named plaintiff in a consumer class action 'cannot raise claims relating to those other products which he did not purchase[.]" (quoting *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1359 (S.D. Fla. 2014)); *Ohio State Troopers Ass'n, Inc. v. Point Blank Enters., Inc.*, 347 F. Supp. 3d 1207, 1221 (S.D. Fla. 2018).

Here, Plaintiff alleges that she "purchased Folgers products containing the misrepresentations that are the subject of this suit online and in local markets." Compl., ¶ 13. But the only product that is the subject of this dispute is one 48-ounce canister of Folgers Classic Roast.

---

[4] *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030–31 (8th Cir. 2014) (plaintiffs lacked standing because their "allegations fail[ed] to show that any of the *particular packages* of Hebrew National beef *they personally purchased* contained non-kosher beef" and it was "pure speculation to say the particular packages sold to the [plaintiff]s were tainted by non-kosher beef" (emphasis added)); *Fahey v. Deoleo USA, Inc.*, 2018 WL 5840664, at \*2 (D.D.C. Nov. 8, 2018) ("[T]he question is whether Fahey has alleged facts that support an inference that the particular bottle of Bertolli EVOO he purchased . . . contained something other than 'extra virgin' olive oil. . . . [H]e has not"; he only "marshals but one 'fact' to substantiate his claim . . .: the results of a 2010 study on olive oil quality. . . . This meager 'factual content' is not enough . . .").

*Id.* ¶¶ 3, 9. And despite the fact that Plaintiff only purchased one product, she tries to represent claims for all Folgers Coffee Products. *Id.* ¶¶ 2, 24. Thus, Plaintiff lacks standing and her FDUTPA claim must be dismissed with respect to products other than the Classic Roast—assuming she actually brought it. *See Toback v. GNC Holdings, Inc.*, 2013 WL 5206103, at *5 (S.D. Fla. Sept. 13, 2013) (class representative lacked standing to "raise claims relating to those other products which he did not purchase"—"the law in the Eleventh Circuit is clear that at least one named plaintiff must establish Article III standing for each class subclaim"); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279–80 (11th Cir. 2000).

### C.  Plaintiff cannot pursue claims for which she has not alleged a cognizable injury— her disappointment and made-up price premium are not enough.

Plaintiff's failure to demonstrate a particularized injury is only the beginning of her problems because particularization alone "is not sufficient"—"an injury in fact must also be 'concrete,'" which means it "must be '*de facto*'; that is, it must actually exist" and must be "'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1548 (citations omitted).

Plaintiffs' damages theory is based on subjective disappointment about her "expected number of cups of coffee that the can will produce when the coffee is brewed according to instructions." Compl., ¶ 2. But there is no standing for such subjective disappointment because such "disappointment … fail[s] to allege 'an invasion of a legally protected interest.'" *Eike v. Allergan, Inc.*, 850 F.3d 315, 318 (7th Cir. 2017) (citations omitted); *see also Finkelman v. NFL*, 810 F.3d 187, 188–89 (3d Cir. 2016) ("Article III requires more" than "the disappointment of wanting to attend a concert or athletic event only to discover that the event has sold out."); *Koronthaly*, 374 F. App'x at 259 ("Koronthaly [] has asserted only a subjective allegation that the trace amounts of lead in the lipsticks are unacceptable to her, not an injury-in-fact sufficient to confer Article III standing."); *Hillen v. Blistex, Inc.*, 2017 WL 2868997, at *3 (N.D. Ill. July 5,

2017) ("Put simply, plaintiff's disappointment in defendant's [product] design does not establish deception . . . ."). Even if there were standing, FDUTPA would not allow a recovery. *See Marketran*, 2017 WL 1292983, at *3 (Dimitrouleas, J.) ("FDUTPA does not provide for . . . compensation for subjective feelings of disappointment.").

In addition, Plaintiff has also not alleged a concrete injury because, as discussed, she does not allege what price she paid for her canister—if she paid for it at all. *See* Compl., ¶ 9. Accordingly, she "has failed to plead any facts from which one could plausibly infer the degree to which, or even whether, the market value of any product has changed as a result of [Folgers'] purported conduct." *QSGI*, 2012 WL 1150402, at *5.

To be clear, Plaintiff  was required to allege a "difference in the market value of the product ... in the condition in which it was delivered and its market value in the condition in which it should have been delivered" because "the Act 'does not provide for the recovery of . . . speculative losses.'" *Reilly v. Chipotle Mexican Grill, Inc.*, 711 F. App'x 525, 529 (11th Cir. 2017) (citation omitted). Yet Plaintiff does not allege how Folgers sold the Product at a premium price, above similar products in the marketplace that do not claim to be capable of brewing 380 6 fluid ounce cups of coffee. She does not state what price she paid for the Product. Thus, Plaintiff fails to "set forth any facts demonstrating how [she] ha[s] been aggrieved or what damages [she] suffered"—"[f]or example, Plaintiff[] do[es] not plead facts demonstrating *that [she] paid* 'X' dollars for what [she] thought was [a good product] that in fact turned out to be [a bad product] worth 'Y' dollars." *Meyer*, 2011 WL 13216980, at *5. Without an allegation estimating "the difference in value," which she has not made because she has not alleged the price she paid, Plaintiff has not alleged an "actual loss." *Reilly*, 711 F. App'x at 529. Thus, her claim based on disappointment but not any actual economic injury cannot proceed.

11

### D.  Plaintiff cannot pursue injunctive relief on behalf of herself or the putative class because she fails to allege a likelihood of future injury.

Finally, Plaintiff lacks standing to pursue claims for injunctive relief because it is well-established that a plaintiff cannot pursue a claim for injunctive relief under FDUTPA when a plaintiff fails to allege a threat of future harm. *See In re Monat Hair Care Prods. Mktg., Sales Practices, & Prods. Liab. Litig.*, 2019 WL 5423457, at *5 (S.D. Fla. Oct. 23, 2019).

The injury in fact requirement "cannot be met absent a showing of a real or immediate threat that the plaintiff will be wronged again." *Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1355 (S.D. Fla. 2014). Nowhere does Plaintiff allege that she will continue to purchase the product. Nor would that be reasonable to infer given the fact that the Complaint says the "canister contents are grossly insufficient." Compl. ¶ 2. Plaintiff's silence about purchasing the product in the future is "effectively a concession that she does not intend to purchase the product in the future." *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 249 (S.D.N.Y. 2019) (citation omitted); *see also Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018). Thus, the Court should dismiss the claim for injunctive relief. *See Dapeer*, 95 F. Supp. 3d at 1374 ("[Plaintiff] . . . fails to sufficiently allege a threat of future harm . . . . Accordingly, Plaintiff's claims for injunctive relief are dismissed."); *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, 2018 WL 4932871, at *4 (S.D. Fla. Apr. 23, 2018) (same)

## II.    The Complaint Fails on the Merits

Even if Plaintiff could somehow show that she has standing, it would make no difference because the merits of her claim are implausible and inadequately pleaded. Indeed, her FDUTPA claim (the only claim in the Complaint) is flawed because, at bottom, she fails to show how the representations on Folgers' otherwise true packaging are false—let alone deceptive.

**A. The Complaint is inadequately pleaded and does not provide Folgers (or the Court) fair notice of the spurious grounds upon which its claims rest.**

Plaintiff's Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. She did not do so.

As discussed, Plaintiff does not meet the requirement of giving Folgers fair notice of the grounds upon which her claim rests. To support her conclusory allegation that Folgers' Coffee Products cannot make up to 380 six-fluid-ounce cups, Plaintiff just alleges the conclusion she seeks to prove: that "*if* the back-pane instructions are followed, the canister only produces approximately 265-275 six fluid-ounce servings." Compl., ¶ 4 (emphasis added). That is it. Plaintiff's standalone statement that Folgers' canisters supposedly produce "over 100 cups short of what Folgers represents," *id.*, is not enough because she is just pleading a conclusion that Folgers hurt her without supplying any factual enhancement to her Complaint, as required.

It is not enough for Plaintiff to just plead the conclusion that Folgers hurt her. "[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must plead facts so Folgers can understand how Plaintiff arrived at her convenient conclusion that Folgers harmed her. As discussed, she has not. She just says that "*if*" someone theoretically follows some "instructions," then that theoretical person would be harmed and therefore she has been harmed. That is insufficient. Folgers has no basis for what the grounds are for this claim. And that is a fundamental problem because without further explanation, Plaintiff has nothing but "a complaint [that] pleads facts that are 'merely consistent with' a defendant's liability," and "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff needs to explain

13

*how* she reaches her conclusion about Folgers' liability, whether based on her own use or testing of the product, or based on her reliance on someone else's testing. All Plaintiff is armed with is her conclusion that Folgers harmed her. But "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

Plaintiff does not satisfy Rule 8. She does not even try to satisfy Rule 9(b), as required.[5] Accordingly, these pleading inadequacies sink Plaintiff's claim.

### B.  The Complaint is implausible because it is based on a false premise and asks the Court to engage in speculation and ignore obvious alternative explanations.

Putting Plaintiff's inadequate pleading to the side, the Complaint should also be dismissed because it is demonstrably false and asks this Court to ignore obvious alternative explanations that are simply not addressed by the pleading inadequacies discussed above.

Plaintiff's theory is that "if the back-pane instructions are followed, the canister only produces approximately 265-275 six fluid-ounce servings." Compl., ¶ 4. She says Folgers' "instructions" direct consumers to use Plaintiff's 1:1 ratio—or 380 tablespoons of coffee—to make 380 suggested strength cups. *See id*, ¶ 3; *supra* at pp. 3-5. And it is based on these supposed

---

[5] Plaintiff says she is "not required to plead her FDUPTA claim with particularity, or ple[a]d the elements of fraud." Compl. ¶ 17. This is wrong. Folgers is aware that, in other cases, this Court has been "persuaded that Rule 9(b) does not apply to FDUTPA claims." *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1239 (S.D. Fla. 2014) (Dimitrouleas, J.). But **this case** should be pleaded with particularity under Rule 9(b). Indeed, this Court has recognized in cases with FDUTPA claims that when a "claim appears to be based upon . . . alleged fraud" it "is subject to the heightened pleading requirements of [Rule 9(b)]." *W.W. Sports Importadora Exportadora e Comercial LTDA v. BPI Sports, LLC*, 2016 WL 11504100, at *4 (S.D. Fla. Aug. 11, 2016) (Dimitrouleas, J.). So in a case like this one, when the plaintiff is using FDUTPA to allege that the Product "**is false** and misleading," Compl., ¶ 9 (emphasis added), the "claim[] under FDUTPA [should be] subject to the federal rules' 'heightened' pleading standard under Rule 9(b)'" because "courts 'regularly apply Rule 9(b) to FDUTPA claims, [when] such claims uniquely sound **in both tort and fraud**.'" *CWELT-2008 Series 1045 LLC v. PHH Corp.*, 2020 WL 2744191, at *4 (S.D. Fla. May 27, 2020) (emphasis added) (citation omitted).

"instructions," and nothing else, that Plaintiff makes her conclusory assertion that Folgers' canisters supposedly produce "over 100 cups short of what Folgers represents." *Id.*, ¶ 4.

But as discussed above, **nothing on the canister** states the canister contains 380 tablespoons of coffee (as Plaintiff claims), and nowhere in the Complaint is there any allegation that the Folgers Products are *incapable* of making "up to 380 suggested strength servings," which is the only thing Folgers actually represents on the canister:



More water means less coffee needed (not Plaintiff's 1:1 ratio)

Folgers' only actual representation

Compl., ¶ 6. And also as discussed, the so-called "instructions" Plaintiff talks about are actually nothing but recommendations for "best results" that clarify it will not take 380 tablespoons of coffee to make the 380 suggested strength servings. *See id.* (explaining the suggested strength of servings can also be accomplished with 10 servings of 6 fluid ounces and a ½ measuring cup (8 tablespoons) of coffee, such that **more water means fewer tablespoons of coffee**).

Accordingly, Plaintiff is wrong. Even though this Court has a "duty to accept the facts in the complaint as true," that "does not require [the Court] to ignore specific factual details of the pleading in favor of general or conclusory allegations"—especially "when," as here, "the exhibits contradict the general and conclusory allegations of the pleading." *Griffin Indus., Inc. v. Irvin*, 496

F.3d 1189, 1206 (11th Cir. 2007) (citation omitted). Here, the label incorporated into the Complaint, is "to be treated as part of the complaint for all purposes under Rule 10(c)," and because the label reveals adverse "facts which foreclose recovery as a matter of law, dismissal is appropriate." *Id.* (citation omitted). Stated otherwise, the truth of the label sinks Plaintiff's claim.

The Complaint should be dismissed because the only representation that Folgers actually makes is clearly disclosed on the package and not even challenged. *See Kuenzig*, 2011 WL 4031141, at *9 ("Because the number of calories that come from fat is clearly disclosed in the nutrition panel on Kraft's labels, the Court finds that as a matter of law, Kraft's labeling is not misleading regarding the number of calories that come from fat in its products.") (collecting cases). Beyond that, the Complaint should be dismissed because Plaintiff has offered no plausible explanation why or how her "injury" was caused by Folgers' recommendations, as opposed to other, innocuous "obvious alternative explanations," *see Twombly*, 550 U.S. at 567—like the fact that the recommendations do not say that that a 1:1 ratio is needed to make the 380 suggested servings. Indeed, consumers can vary the level of dilution of their coffee. That is why the Product label states that "this canister makes up to ***380 suggested strength*** 6 fl oz servings"—not 380 under all circumstances at the highest strength (Plaintiff's 1:1 ratio) that a consumer may prefer.

Plaintiff provides nothing to explain how Folgers' suggestions are wrong. She just expects this Court to speculate that Folgers' recommendations *must* have harmed her. "But [this Court is] not permitted to engage in speculation, even at the pleading stage." *Auto Alignment*, 953 F.3d at 729. Thus, this case should be dismissed on the merits because it is implausible on its face. *See id.* at 728–29 (dismissing case with this explanation: "The body shops offer no allegations that explain why the loss . . . they allege is plausibly explained by steering instead of other 'obvious alternative

explanation[s].' They instead invite us to speculate that steering caused this loss in business. But we are not permitted to engage in speculation, even at the pleading stage.").[6]

### C.  Based on the Complaint's flaws, Plaintiff's FDUTPA claim fails on its face.

In light of these pleading failures, the Complaint clearly fails to state a claim under FDUTPA. "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *World Fuel Servs., Inc.* v. *Thrifty Propane, Inc.*, 2016 WL 11547771, at *10 (S.D. Fla. July 15, 2016) (citation omitted).

Plaintiff has failed to allege a deceptive or unfair trade practice. Deception occurs when there is "a material representation or omission that is likely to mislead consumers acting reasonably under the circumstances." *In re Motions to Certify Classes Against Court Reporting Firms for Charges Relating to Word Indices*, 715 F. Supp. 2d 1265, 1281 (S.D. Fla. 2010) (quotations and citation omitted), *aff'd*, 2011 WL 3822001 (11th Cir. Aug. 31, 2011). By contrast, an "unfair" practice is one that "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." *Id.* at 1277 (quotations and citation omitted). Neither is present here.

"FDUTPA does not require companies to be wholly transparent or prohibit them from publishing facts in the light most conducive to business, as long as the publication is not probably deceptive and likely to cause injury to a reasonably relying consumer." *Casey v. Fla. Coastal Sch. of Law, Inc.*, 2015 WL 10096084, at *15 (M.D. Fla. Aug. 11, 2015). A deceptive practice is one

---

[6] *See also Iqbal*, 556 U.S. at 679, 682 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" and choose "between [an] 'obvious alternative explanation' for [conduct] and the [conduct a plaintiff] asks us to infer") (citation omitted); *Twombly*, 550 U.S. at 567–68, 570 (accepting "an obvious alternative explanation" when, as here, "the complaint itself gives reasons to believe" the alternative explanation, and dismissing case because the plaintiff had not pleaded "enough facts to state a claim to relief that is plausible on its face"); *see also Carruth v. Bentley*, 942 F.3d 1047, 1062 (11th Cir. 2019).

that is "likely to mislead." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000). The Florida Supreme Court has noted that "deception occurs if there is a representation, omission, or practice that is likely to mislead ***the consumer acting reasonably in the circumstances***, to the consumer's detriment.'" *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003). (internal quotation marks and citation omitted) (emphasis added). "This standard requires a showing of 'probable, not possible, deception' that is 'likely to cause injury ***to a reasonable relying consumer***.'" *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (citation omitted) (emphasis added). This Court is not concerned about the hypersensitive or litigation-driven plaintiff like Plaintiff in this case.

Here, Plaintiff fails to allege a deceptive or unfair trade practice because the Complaint does not show that any labeling representation is false or misleading—especially to a reasonable consumer. There is no deception here and Plaintiff would know that had she just read the full label. *See Kuenzig*, 2011 WL 4031141, at *9 ("Because the number of calories that come from fat is clearly disclosed in the nutrition panel on Kraft's labels, the Court finds that as a matter of law, Kraft's labeling is not misleading . . . ."); *cf. Savalli*, 2016 WL 5390223, at *1 ("harbor[ing] serious doubts about the plausibility of Plaintiff's claims (that is, whether a reasonable consumer would likely be confused by the labeling on Defendant's product)" because "to understand what they are purchasing, reasonable consumers should—well, read the label").

Nothing in the Complaint plausibly alleges that the Product is incapable of producing "up to" 380 cups of coffee. Instead, the full extent of Plaintiff's claim is a single allegation that "if the back-panel instructions are followed, the canister only produces approximately 265-275 six fluid-ounce servings." Compl. ¶ 4. But, as discussed above, Plaintiff does not provide any further factual allegations to explain how she reaches this conclusion. She does not allege that she (or anyone

18

else) tested the Product and discovered that it is incapable of producing "up to" 380 cups of coffee. Nor does she allege that she used the Product and was unable to obtain 380 servings. Moreover, Plaintiff does not allege that a reasonable consumer would fail to understand that, given the "up to" language, varying methods of brewing the Product and differing batch sizes could create more cups of coffee per package. Plaintiff does not allege how or why a reasonable consumer would fail to read the label and think a 1:1 ratio was required to make the suggested 380 cups of coffee. She does not allege how or why a reasonable consumer would materially care—let alone fail to understand—that the "up to" language indicates a range based on consumer preference. After all, as the label explains, consumers have the ability to choose how they make coffee at their preferred level of coffee strength. It makes *recommendations* so consumers can vary the level of dilution for how they like their coffee. *See* Compl. ¶ 6. Plaintiff provides absolutely no explanation why a reasonable consumer would interpret "this canister makes up to 380 suggested strength 6 fl oz servings" to somehow mean 380 under all circumstances at the highest strength.

In short, Plaintiff's conclusory allegations that Folgers engaged in deceptive, unfair, or unconscionable actions are insufficient to state a claim under FDUTPA. *See Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, 2005 WL 975773 at *9 (S.D. Fla. 2005) ("To reiterate for emphasis, [plaintiffs] must do more than merely recite conclusory allegations; they must allege facts which properly raise recognizable FDUTPA claims."). "To state a cause of action under FDUTPA, a plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constituted an 'unfair or deceptive act' or that the defendant acted 'wrongfully, unreasonably and unjustly' and for a 'deceptive and improper purpose.'" *Infinity Global, LLC v. Resort at Singer Island, Inc.*, 2008 WL 1711535 at *4 (S.D. Fla. Apr. 10, 2008) (citation omitted). Plaintiff's FDUTPA claim does not do so, is inadequately pleaded, and should be dismissed.

Finally, even if she had pleaded deception, FDUTPA only allows recovery for actual damages. *See, e.g.* Fla. Stat. § 501.211; *Smith v. 2001 S. Dixie Highway, Inc.,* 872 So. 2d 992, 993 (Fla. Dist. Ct. App. 2004); *City First Mortg. Corp. v. Barton*, 988 So. 2d 82 (Fla. Dist. Ct. App. 2008). "Actual damages" is a "term of art." *QSGI*, 2012 WL 1150402, at *4 (citation omitted). It refers to "the difference in the market value of the product . . . in the condition in which it was delivered and its market value in the condition in which it should have been delivered." *Smith*, 872 So. 2d at 994. As discussed above, Plaintiff's loss is speculative and based on her disappointment and therefore unrecoverable. *See Marketran*, 2017 WL 1292983, at *3 (no recovery for "subjective feelings of disappointment"). And when, as here, a plaintiff "fails to allege a recoverable loss under FDUTPA, the complaint fails to state a claim." *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. Dist. Ct. App. 2010).

**III.    Dismissal Should Be with Prejudice**

Dismissal with prejudice is warranted. When, as here, "a more carefully drafted complaint could not state a claim, amendment is futile and not required." *Colston v. Schiller*, 2020 WL 687599, at *2 (N.D. Fla. Jan. 8, 2020) (citing *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014)). Given the facts alleged, even with a more carefully drafted Complaint, Plaintiff cannot state a claim against Folgers because she cannot make an otherwise true statement false. Thus, dismissal should be with prejudice because any amendment to the Complaint would be futile.

**CONCLUSION**

For these reasons, the Complaint should be dismissed in its entirety with prejudice.

**REQUEST FOR TELEPHONIC HEARING**

Folgers respectfully requests a telephonic hearing of approximately 30 minutes to one hour on this motion to address the Court's questions.

20

Date:  July 29, 2020

Respectfully submitted,

*/s/ Cristina Calvar*

Cristina Calvar (Florida Bar No. 114201)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-5331
Facsimile: (212) 294-4700
ccalvar@winston.com

Ronald Y. Rothstein (*pro hac vice*)
Sean H. Suber (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
rrothste@winston.com
ssuber@winston.com

Megan L. Whipp (*pro hac vice*)
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
mwhipp@winston.com

*Counsel for Defendant*
*The Folger Coffee Company*