UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80897-CV--DIMITROULEAS

MARCIA SORIN,

    Plaintiff,

vs.

THE FOLGER COFFEE COMPANY,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant The Folger Coffee Company's November 6, 2020 Motion to Dismiss First Amended Class Action Complaint ("FAC") [DE-24]. The Court has considered the Motion, Plaintiff Marcia Sorin's December 4, 2020 Response [DE-27], and Defendant's December 18, 2020 Reply [DE-34], and the record in this case, and is otherwise advised in the premises.

**I.     BACKGROUND**

On September 14, 2020, Plaintiff filed her First Amended Class Action Complaint [DE-21]. Sorin sues Folger for violating Florida's Deceptive and Unfair Trade Practices Act (FDUPTA). Sorin contends that Folger has deceptive and false package labeling in that they misrepresent to consumers the number of servings its coffee containers can provide in order to spur sales and disadvantage competitors[1]. The packaging represents that the canister makes up to a certain amount of suggested strength servings at the recommended ratio of six fluid ounces per one tablespoon; Plaintiff's expert disputes that the indicated canisters can produce the indicated amount of servings. The packaging also suggests a ratio for "best brewing results".

---

[1] Apparently, it has been alleged in another case that Maxwell House Coffee also has similar packaging. *See, Ferron v. Kraft Heinz Foods Company,* 20-62136-CV-RAR {DE-25] (SDFL 2020).

## II. LEGAL STANDARD

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 583, 588 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984)).

## III. DISCUSSION

First, Folger contends that Sorin lacks standing to pursue this claim. Folger says that Sorin cannot rely on an expert's testing or consumer reports to allege a particularized injury to herself. Additionally, it is contended that she has not alleged a cognizable injury, that disappointment and a made-up price premium are insufficient. Finally, it is contended that there is no likelihood of future injury. The Court finds sufficient allegations of past injury to Sorin; she paid a premium for coffee based upon what she believed she was getting. Her expert need not have tested the exact canisters that she bought. However, the Court does not find that she has

alleged sufficient allegations to warrant injunctive relief.

"[T]o satisfy Article III, a Plaintiff pursuing injunctive relief must seek to redress a real and immediate threat of future injury, and past harm will not suffice." *Wasser v. All Market, Inc.*, 329 F.R.D. 464, 470 (S.D. Fla. 2018) (Scola, J.). "The injury-in-fact demanded by Article III requires an additional showing when injunctive relief is sought. In addition to past injury, a plaintiff seeking injunctive relief 'must show a sufficient likelihood that [she] will be affected by the allegedly unlawful conduct in the future.'" *Ohio State Troopers Association, Inc. v. Point Blank Enterprises, Inc.*¸ 347 F. Supp. 3d 1207, 1223 (S.D. Fla. 2018) (Ungaro, J.) (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013)). Sorin has not alleged that there is a likelihood of future injury. Indeed, Sorin's allegation seems to indicate that she will not purchase the Defendant's products in the future due to their mislabeling. *Snyder*, 2020 WL 42239 at *4 (finding that the Plaintiffs lack standing despite an allegation that they would continue to purchase the Defendant's products if they could rely on the truthfulness of the Defendant's labeling). Thus, Sorin lacks standing to assert a claim for injunctive relief.

Second, Folger contends that the FAC is implausible.  The Court agrees. "Up to" a certain number of cups of coffee would lead a reasonable consumer to expect that the actual number of coffee cups produced could be less. "Up to" is not a guarantee that the number of cups will be reached. *Fink v. Time Warner Cable,* 714 F.3d 739, 742 (2d Cir. 2013).  "Up to", without more, does not guarantee the specified amounts of cups. *See, Fausti v. Energy Plus Holdings, LLC,* 2012 WL 3835815 * 4 (D. NJ 2012). Recommendations on how to brew the best coffee cup are not the only way to make a cup of coffee. The Court finds the California cases cited by Plaintiff to be distinguishable.

"A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (citing *Chicken Unlimited, Inc. v. Bockover*, 374 So. 2d 96, 97 (Fla. 2d DCA 1979)).  As indicated above, Sorin has not alleged an unfair or deceptive trade practice.  Under FDUTPA, "causation must be direct, rather than remote or speculative," and "'actual damages' . . . must directly flow from the alleged deceptive act or unfair practice." *Hennegan Co. v. Arriola*, 855 F. Supp. 2d 1354, 1361 (S.D. Fla. 2012).  "FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008) (citation omitted).  Sorin has pled that she received less of the product than what she was led to believe; she has adequately pled damages.  Whether the tested canisters were the same as the ones that Sorin purchased are factual matters best not resolved at this stage of the proceedings.

## IV.  CONCLUSION

In sum, the TAC does not set forth sufficient allegations to merit injunctive relief nor does it set forth a sufficient FDUTPA claim against Folger.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

Folgers's Motion to Dismiss [DE 24] is **GRANTED**. The Complaint is **DISMISSED without prejudice** to allow for amendment consistent with this order. Plaintiff shall file a Second Amended Complaint on or before **March 18, 2021**.  Failure to do so will result in a dismissal of this case with prejudice.  Defendant's request for a telephonic hearing is Denied

4

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of March, 2021.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of record via CM/ECF